UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS INC., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:17-cv-00699-WWE |
| | : | |
| JAMES HODGES JR., | : | |
| CATHY WEATHERSPOON, and | : | |
| LA MIRAGE ACT II LLC, | : | |
|     Defendants. | : | |

MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO PRECLUDE

Defendants have moved to preclude plaintiff from offering witnesses or other evidence at trial based upon plaintiff's alleged failure to comply with Rule 26(a)'s disclosure requirements. Rule 37(c)(1) provides, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Defendants assert that plaintiff has declined to provide any documents or identify any witnesses pursuant to the voluntary federal disclosure requirements. Moreover, plaintiff has allegedly failed to proffer any computation of damages pursuant to Rule 26(a)(1)(A)(ii). Plaintiff responds that although "plaintiff did technically fail to comply with Rule 26, [this failure] was both substantially justified and harmless."

To determine whether evidence should be excluded pursuant to Rule 37, courts should consider (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony or other evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. Patterson v. Balsamico, 440 F.3d

104, 117 (2d Cir. 2006).  Although the second <u>Patterson</u> factor favors plaintiff due to the essential nature of the evidence at issue, all of the other factors weigh in favor of exclusion.  See <u>Design Strategy, Inc. v. Davis</u>, 469 F.3d 284, 296-98 (2d Cir. 2006).  This case was originally set for trial in August of this year.  The event which forms the basis of plaintiff's complaint occurred on May 3, 2014.  The prejudice to the defendants in having to prepare for this evidence at this stage would be severe.  Moreover, plaintiff does not directly explain its failure to comply with the federal disclosure requirements.  Instead, plaintiff attempts to excuse away its duty to disclose based on the theory that although disclosure of documents, witness names, and computation of damages was not provided, plaintiff's counsel "advised defendant's counsel as to the proof in plaintiff's possession," as part of the Rule 26(f) conference.  But notice of one's plan to provide evidence does not justify a failure to actually provide such evidence.

Plaintiff has not shown justification or harmlessness.  Nevertheless, "if an appropriate motion is made and a hearing has been held, the court does have discretion to impose other, less drastic, sanctions." <u>Design Strategy</u>, 469 F.3d at 298.  Plaintiff shall have 21 days to move for imposition of "other appropriate sanctions" pursuant to Rule 37(c).  The court will then schedule a hearing on the matter.

Dated this 7th day of December, 2018, at Bridgeport, Connecticut.

                                                          <u>/s/Warren W. Eginton</u>
                                                    WARREN W. EGINTON
                                                  SENIOR UNITED STATES DISTRICT JUDGE